## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STACIE BLANCHARD | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO: 13-5420 |
| | ) | |
| vs. | ) | |
| | ) | |
| BECTON, DICKINSON AND | ) | SECTION |
| COMPANY | ) | |
| | ) | |
| Defendant. | ) | MAGISTRATE |
| | ) | |

### NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA:

NOW INTO COURT, through undersigned counsel, comes Petitioner Becton,

Dickinson and Company ("BD" or "Petitioner"), who files this Notice of Removal of this case

from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United

States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1441(a) and 28

U.S.C. § 1446. Petitioner files this Notice of Removal with full reservation of any and all rights,

defenses and objections, including but not limited to, insufficiency of process, insufficiency of

service of process, lack of personal jurisdiction, improper venue, lack of procedural capacity,

improper cumulation, no right of action, lack of standing, prescription, preemption, and no cause

of action. In support of this Notice of Removal, the Petitioner states as follows:

### CIVIL ACTION REMOVED

1.     On July 22, 2013, Plaintiff, Stacie Blanchard, filed a Petition for Damages in the

24th Judicial District Court for the Parish of Jefferson, State of Louisiana, styled as *Stacie*

*Blanchard vs. Becton, Dickinson and Company*, Case No. 729-154 "M" (hereinafter referred to

as the "State Court Action").  Pursuant to 28 U.S.C. § 1446(a), a copy of the state court record is attached as Exhibit "A."

## THE NOTICE OF REMOVAL IS TIMELY

2.      Petitioner files this Notice of Removal within 30 days of receipt of Plaintiff's Petition for Damages.  Petitioner was served with the summons and Petition for Damages, through its registered agent, on July 30, 2013.  Accordingly, removal of this action is timely under 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION EXISTS

3.      This suit is an action over which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332, and is one that may be removed to this Court under the provisions of Title 28, United States Code, Sections 1441 and 1446.  Title 28, U.S.C. § 1441(b) states that suits that do not arise under federal law are removable "if none of the parties in interest properly joined and served as Defendants is a citizen of the State in which such action is brought."

4.      Plaintiff, Stacie Blanchard, is alleged in her Petition to be a citizen domiciled in the State of Louisiana.  *See* Exhibit "A" at Petition, ¶1.

5.      Defendant BD is now, and at all relevant times has been, a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located in Franklin Lakes, New Jersey.  For the purpose of determining diversity, a corporation is deemed to be a citizen of both the state of its incorporation and of the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  Thus, pursuant to 28 U.S.C. § 1332(c)(1), BD is a citizen of New Jersey.

6.     Based on the foregoing, complete diversity of citizenship exists between the Plaintiff and the Defendant.

## THE AMOUNT IN CONTROVERSY IS SATISFIED

7.     Although Plaintiff's Petition does not specify the amount of damages sought, as mandated under Louisiana Code of Civil Procedure article 893, it is clear from the face of the Petition that Plaintiff seek a recovery in excess of $75,000.00, excluding interest and costs.[1]  *St. Paul Reinsurance v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (When the amount in controversy is not specified in the lawsuit, federal court jurisdiction may be invoked if it is "facially apparent" that the amount in controversy exceeds the minimum jurisdictional amount).

8.     Specifically, in her Petition, Plaintiff alleges that, while using a syringe device manufactured by BD, in her role as an infusion nurse, the syringe failed, thereby causing her to be exposed to contaminated blood.  *See* Exhibit "A" at Petition, ¶¶ 7-8.  She alleges that immediately following the incident she became hysterical and underwent medical testing and administration of various medications in an effort to prevent contraction of an infectious disease. *See id*. at ¶ 9.  She further alleges that, since the accident, she has undergone additional medical care including substantial testing, mental health counseling, and administration of various medications in an ongoing effort to prevent contraction of an infectious disease, combat depression, and curb her inability to sleep.  *See id*. at ¶ 10.

9.     Plaintiff seeks the following damages:  past, present and future medical expenses; past, present and future physical pain and suffering; past, present and future mental pain and anguish to include anguish regarding fear of contraction of an infectious disease; lost wages; loss

---

[1] Plaintiff does allege in her Petition that her claims equal or exceed the $50,000 threshold necessary for a jury trial. *See* Exhibit "A" at Petition, ¶ 39; La. C.C.P. arts. 1731, 1732.

of enjoyment of life; attorney's fees and costs; and all other damages which are recoverable under Louisiana law. *See id.* at ¶ 37.

10.     Based on these allegations it is facially apparent from Plaintiff's Petition that the amount-in-controversy requirement is met. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holing that it was facially apparent from the plaintiff's complaint that the amount in controversy was satisfied where the plaintiff alleged damages for mental anguish, suffering, loss of wages, and medial expenses).

## COMPLIANCE WITH NOTICE REQUIREMENTS

11.     A copy of this Notice of Removal is being served on the Plaintiff and will be filed in the record of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

12.     Petitioner reserves the right to amend or supplement this Notice of Removal.

13.     Petitioner reserves all rights, defenses, and objections, including, without limitation, insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, improper venue, lack of procedural capacity, improper cumulation, no right of action, lack of standing, prescription, preemption, and no cause of action.

**WHEREFORE**, Petitioner Becton, Dickinson and Company, gives notice that the matter styled as *Stacie Blanchard vs. Becton, Dickinson and Company*, Case No. 729-154 "M", is removed to the United States District Court for the Eastern District of Louisiana, and requests that this Court retain jurisdiction for all further proceedings.

Respectfully submitted,

**ADAMS AND REESE LLP**


**By:**  /s/ L. Cole Callihan
   **Don S. McKinney (#26685)**
   **L. Cole Callihan (#33756)**
   **Henry B. Alsobrook (#2431)**
   4500 One Shell Square
   New Orleans, LA 70139
   Telephone:  (504) 581-3234

   *Counsel for Becton, Dickinson*
   *and Company*


## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by email, fax and/or depositing same in the United States mail, postage prepaid and properly addressed, this 13th day of August, 2013.


    /s/ L. Cole Callihan
    **L. COLE CALLIHAN**