LOUISIANA CIVIL CASE REPORTING
Civil Case Cover Sheet - LA. R.S. 13:4688 and
Part G, §13, Louisiana Supreme Court General Administrative Rules

Page 1 of 1

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

Suit Caption:

Stacie Blanchard          vs. Becton, Dickinson and Company

Court: 24th Judicial District          Docket Number: 729-154

Parish of Filing: Jefferson          Filing Date: 7/22/2013

Name of Lead Petitioner's Attorney: Keith L. Magness

Name of Self-Represented Litigant: _____

Number of named petitioners: 1          Number of named defendants: 1

Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):

- ☐ Auto: Personal Injury
- ☐ Auto: Wrongful Death
- ☐ Asbestos: Property Damage
- ☒ Product Liability
- ☐ Intentional Bodily Injury
- ☐ Intentional Wrongful Death
- ☐ Business Tort
- ☐ Defamation
- ☐ Environmental Tort
- ☐ Intellectual Property
- ☐ Legal Malpractice
- ☐ Other Professional Malpractice
- ☐ Maritime
- ☐ Wrongful Death
- ☐ General Negligence
- ☐ Auto: Property Damage
- ☐ Auto: Uninsured Motorist
- ☐ Asbestos: Personal Injury/Death
- ☐ Premise Liability
- ☐ Intentional Property Damage
- ☐ Unfair Business Practice
- ☐ Fraud
- ☐ Professional Negligence
- ☐ Medical Malpractice
- ☐ Toxic Tort
- ☐ Other Tort (describe below)
- ☐ Redhibition
- ☐ Class action (nature of case)

Please briefly describe the nature of the litigation in one sentence of additional detail:
Claim for damages arising from failure of vacutainer syringe device.

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name Keith L. Magness          Signature _____

Address 901 Derbigny Street, Gretna, Louisiana 70053

Phone number: (504) 264-5587          E-mail address: klm@magnesslaw.com

EXHIBIT A

(101) Citation: ISSUE PETITION FOR DAMAGES;               130725-1001-2

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

STACIE BLANCHARD                              Case: 729-154    Div: "M"
versus                                        P 1 STACIE BLANCHARD
BECTON DICKINSON AND COMPANY

To: BECTON DICKINSON AND COMPANY
THROUGH ITS AGENT
C T CORPORATION SYSTEM                        EBR CK# 1450 $29.36
5615 CORPORATE BLVD SUITE 400B
BATON ROUGE LA 70808

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15) CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney KEITH L. MAGNESS and was issued by the Clerk Of Court on the 25th day of July, 2013.

/s/ Marilyn Guidry
Marilyn Guidry, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

_____SERVICE INFORMATION_____

(101) Citation: ISSUE PETITION FOR DAMAGES;               130725-1001-2

Received:_____   Served:_____   Returned:_____

Service was made:
____ Personal      ____ Domiciliary _____

Unable to serve:
____ Not at this address    ____ Numerous attempts _____ times
____ Vacant                 ____ Received too late to serve
____ Moved                  ____ No longer works at this address
____ No such address        ____ Need apartment / building number
____ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ #_____
                    Deputy Sheriff
Parish of: _____

Imaged 07/25/2013 09:08 - Signed: Deputy Clerk of Court /s/ Marilyn Guidry

 

(101) Citation: ISSUE PETITION FOR DAMAGES;    130725-1001-2

### 24TH JUDICIAL DISTRICT COURT
### PARISH OF JEFFERSON
### STATE OF LOUISIANA

STACIE BLANCHARD
versus
BECTON DICKINSON AND COMPANY

Case: 729-154   Div: "M"
P 1 STACIE BLANCHARD

To: BECTON DICKINSON AND COMPANY
THROUGH ITS AGENT
C T CORPORATION SYSTEM
5615 CORPORATE BLVD SUITE 400B
BATON ROUGE LA 70808

EBR CK# 1450 $29.36

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15) CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney KEITH L. MAGNESS and was issued by the Clerk Of Court on the 25th day of July, 2013.

/s/Marilyn.Guidry
Marilyn Guidry, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

### SERVICE INFORMATION

(101) Citation: ISSUE PETITION FOR DAMAGES;    130725-1001-2

Received: _____    Served: _____    Returned: _____

Service was made:
___ Personal    ___ Domiciliary _____

Unable to serve:
___ Not at this address    ___ Numerous attempts ___ times
___ Vacant                 ___ Received too late to serve
___ Moved                  ___ No longer works at this address
___ No such address        ___ Need apartment / building number
___ Other _____

Service: $_____    Mileage: $_____    Total: $_____

Completed by: _____  # _____
                     Deputy Sheriff
Parish of: _____

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 729-154                                    DIVISION

STACIE BLANCHARD

VERSUS

BECTON, DICKINSON AND COMPANY

FILED: _____    _____
                                     DEPUTY CLERK

### PETITION FOR DAMAGES

Stacie Blanchard ("Blanchard") respectfully files this Petition alleging as follows:

### PARTIES

1.

Blanchard is an individual of the full age of majority who is domiciled in the Parish of Jefferson.

2.

Upon information and belief, defendant Becton, Dickinson and Company ("BD") is a corporation organized under the laws of the State of New Jersey whose principle business establishment within Louisiana is located in Claiborne Parish.

### JURISDICTION AND VENUE

5.

Jurisdiction is vested in this Court as this controversy involves wrongful conduct that occurred and/or injuries sustained within the State of Louisiana.

6.

Venue is proper in this Court pursuant to Louisiana Code of Civil Procedure article 74 as the damages complained of herein were sustained in the Parish of Jefferson.

1

## BACKGROUND

7.

On or about July 23, 2012, Blanchard was employed as an infusion nurse with Carepoint Partners at its infusion center in Metairie, Louisiana.

8.

While performing a standard blood draw utilizing a vacutainer syringe device, the vacutainer and/or its shield failed resulting in a needle-stick and/or other injury to Blanchard thereby exposing her to contaminated blood.

9.

Subsequent to her injury, Blanchard was hysterical and was transported to a nearby medical facility for immediate treatment to include various medical testing and administration of various medications in an effort to prevent contraction of an infectious disease.

10.

Following initial treatment, Blanchard has undergone additional medical care to include substantial testing, mental health counseling, and administration of various medications in an ongoing effort to prevent contraction of an infectious disease, combat depression, and curb Blanchard's inability to sleep.

11.

Upon information and belief, BD designed, manufactured, marketed, distributed and sold the vacutainer and/or shield which failed during use by Blanchard.

12.

Upon information and belief, BD specifically designed, manufactured, marketed, distributed and sold the vacutainer and/or shield at issue to Blanchard's employer with the express understanding that said vacutainer and/or shield would be used by infusion nurses like Blanchard during blood draws.

13.

At all times pertinent hereto, Blanchard had no reason to suspect, believe, or know of the propensity of the BD vacutainer and/or shield to fail.

14.

At all times pertinent herein, Blanchard's conduct was foreseeable by BD.

15.

Upon information and belief, BD could have predicted and anticipated the use and accident conditions as alleged herein with the use of reasonable care and property safety engineering and design.

16.

Upon information and belief, BD is guilty of gross negligence and a reckless disregard for safety and at fault also by having failed to adequately warn and instruct all potential and foreseeable persons exposed to the dangers of the vacutainer and/or shield at issue.

17.

Upon information and belief, with reasonable care and effort, BD could have included in the design, production and sale of the vacutainer and/or shield in question, reasonably feasible and available safety systems and/or devices so as to have prevented on diminished the injuries to Blanchard.

18.

Upon information and belief, at the time of the design, production and sale of the vacutainer and/or shield at issue, alternative designs and systems were reasonably feasible and available with reasonable effort to BD which would have eliminated or greatly reduced the risk of the accident at issue herein.

19.

Upon information and belief, the magnitude of the risks presented by the subject vacutainer and/or shield under the accident conditions alleged herein outweighed the utility of the product as sold.

20.

Upon information and belief, BD failed to appreciate the magnitude of the risks of injury associated with the use of the vacutainer and/or shield at issue which caused the injuries sustained by Blanchard.

3

21.

Upon information and belief, BD failed to take all reasonably foreseeable and practical steps to reduce the chance of injury or death to Blanchard under the accident circumstances alleged herein.

22.

Upon information and belief, BD failed to adequately warn and make certain that all potential risks of failure of the vacutainer and/or shield at issue were known by the general public, and particularly those in the position of Blanchard.

23.

Upon information and belief, BD failed to adequately inspect and test the vacutainer and/or shield at issue prior to releasing it and marketing it to the public.

24.

Upon information and belief, BD failed to properly analyze the vacutainer and/or shield's design so as to determine, prior to production, distribution, and commercialization of the product, that it had hidden and unreasonable risks of failure during foreseeable or predictable handling conditions.

25.

Upon information and belief, BD failed to recall the vacutainer and/or shield in question and place public notices and warnings concerning the defective and ultra-dangerous characteristics of the subject vacutainer and/or shield so as to eliminate or greatly reduce the risk of the injuries suffered herein by Blanchard.

26.

Upon information and belief, BD failed to use reasonably available alternative safety designs and safety systems in the vacutainer and/or shield at issue.

27.

Upon information and belief, BD failed to retro-fit and install reasonably available state-of-the-art accident prevention devices in the vacutainer and/or shield at issue.

4

28.

Upon information and belief, BD breached its duty and failed to take necessary steps to prevent and eliminate the risks in the vacutainer and/or shield at issue, and warn, advise, and give notice to the public of the risks inherent in the products in question.

29.

Upon information and belief, BD failed to take all reasonably feasible and practical steps to reduce the chance of injury or death as described above and as such was a cause and fact and the proximate cause of the injuries sustained by Blanchard.

30.

Upon information and belief, BD is responsible for all harm caused Blanchard because the vacutainer and/or shield at issue:

(1) was unreasonably dangerous in construction or composition as provided in La. R.S. 9:2800.55;

(2) was unreasonably dangerous in design as provided in La. R.S. 9:2800.56;

(3) was unreasonably dangerous because an adequate warning about the products was not provided as per La. R.S. 9:2800.57; and

(4) was unreasonably dangerous due to all other acts of negligence which are inherent in these pleadings, or which may appear through discovery in this matter, or which may be proven at trial in derogation of the laws of the State of Louisiana and the United States.

31.

The fault of BD was the cause in fact and the proximate cause of the injuries sustained by Blanchard.

32.

If, in fact, the use employed by Blanchard is claimed by BD to be or constitute a "misuse" of the subject vacutainer and/or shield, then BD unreasonably failed to anticipate such misuse in order to take reasonable steps to deduce associated risks.

33.

BD failed to anticipate that Blanchard would or may use the subject vacutainer and/or shield in a foreseeable and predictable manner, as she did, causing the risks inherent in the vacutainer and/or shield to manifest themselves in the circumstances of her injury.

5

34.

Upon information and belief, and notwithstanding notice of prior accidents similar to that made the subject of this litigation, BD failed to retro-fit or install other safety systems, guards or devices designed and intended to eliminate or greatly reduce the risk of injury under the same or similar conditions as the accident made the subject matter of this litigation.

35.

Upon information and belief, BD consciously withheld and continues to withhold information relating to prior incidents, accidents, or other information, which would have influenced Blanchard to not use the vacutainer and/or shield at issue herein.

36.

As a result of this incident, Blanchard suffered serious and painful bodily injury. She required, and continues to require, medical care as a result.

37.

Blanchard's damages include, but are not limited to,

a. past, present and future medical expenses;

b. past, present and future physical pain and suffering;

c. past, present and future metal pain and anguish to include anguish regarding fear of contraction of an infectious disease;

d. lost wages;

e. loss of enjoyment of life;

f. attorney's fees and costs; and

g. all other damages which are recoverable under Louisiana law which will be proven via discovery and/or at trial.

38.

Blanchard anticipates that it will be necessary to use medical and other expert witnesses at trial and their fees, together with any expenses for the taking of their depositions, should be fixed and taxed as costs in these proceedings.

39.

Upon information and belief, the value of Blanchard's claim equals or exceeds the sum necessary for a trial by jury.

6

Case 2:13-cv-05420-HGB-KWR Document 1-2 Filed 08/13/13 Page 10 of 10

Page 7 of 7

## JURY TRIAL DEMAND

40.

Blanchard requests a trial by jury.

**WHEREFORE**, Stacie Blanchard prays that Becton, Dickinson and Company be duly cited and served with the instant Petition for Damages, that after all proceedings be had, there be judgment in her favor and against Becton, Dickinson and Company for such sums as a reasonable in the premises, together with interest thereon at the legal rate from the date of judicial demand until paid, all costs of these proceedings including fees of medical and other expert witnesses, attorney's fees and costs, and for such other general and equitable relief as this Honorable Court deems fit and proper.

Respectfully submitted,

_____
KEITH L. MAGNESS (29962)
klm@magnesslaw.com
Law Office of Keith L. Magness, LLC
901 Derbigny Street
Gretna, Louisiana 70053
Telephone: (504) 234-5587
Facsimile: (504) 264-5580

and

/s/ Jeffery J. Waltz
w/ permission by Keith L. Magness
JEFFERY J. WALTZ (28798)
jefferywaltz@yahoo.com
Tonry, Brinson & Glorioso, LLC
1100 Poydras Street, Suite 2900
New Orleans, Louisiana 70163
Telephone: (504) 585-7373
Facsimile: (504) 585-7374

Attorneys for Plaintiff,
Stacie Blanchard

**PLEASE SERVE:**

**Becton, Dickinson and Company**
Through its agent for service of process:
C T Corporation System
5615 Corporate Boulevard, Suite 400B
Baton Rouge, Louisiana 70808

IMAGED JUL 24 2013 72 9154

7