UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STACIE BLANCHARD                          CIVIL ACTION

VERSUS                                    NO. 13-5420

BECTON, DICKINSON AND COMPANY             SECTION "C" (4)

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal. Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff filed suit in state court on July 24, 2013, alleging personal injuries sustained on July 23, 2012, when she was working as an infusion nurse and a vacutainer/shield manufactured by the defendant allegedly failed and resulted in a "needle-stick" to the plaintiff, allegedly exposing her to contaminated blood and causing her to undergo medical treatment to prevent contraction of an infection disease. On August 13, 2013, this products liability matter was removed on the basis of diversity jurisdiction.

With regard to the existence of the jurisdictional minimum, the parties may

neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), (citing *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).

The defendant has not met its burden to show that the jurisdictional amount is facially apparent for present purposes, nor has it made a showing sufficiently particularized to meet that burden.  The plaintiff argues that the defendant has not met its burden.  Neither side provides any affirmative proof of damages sustained.  The defendant relies solely on Judge Fallon's denial of a motion to remand in *Wilson v. I-Stat Corp.*, 1998 WL 57042 (E.D.La.) and his reliance on *Marchica v. Long Island Railroad Co.*, 31 F.3D 1197, 2201 (2d Cir. 1994), a FELA case in which the Court upheld an award for the plaintiff's fear of contracting HIV as being above the jurisdictional minimum.

Here, the record is devoid of any evidence that the plaintiff has developed any infectious disease since the alleged exposure in July 2012 and subsequent treatments, or that she is likely to develop such a disease.   To the extent that the plaintiff's fear is of contracting HIV, the intervening fifteen years since *Wilson* has seen the advancements in the development of science and treatments for the treatment of persons with HIV that do impact on the potential award here.  Without addressing the distinct issue whether Louisiana law would provide a remedy under the facts as alleged, the Court disagrees with the finding as to the jurisdictional minimum in *Wilson*.  The Court finds that the issue is more akin to *Bonnette v. Conoco, Inc.*, 837 So.2d 1219 (La. 2003)(adults awarded $12,500 for past, present and future mental anguish damages for fear of contracting

cancer) or *Lilley v. Board of Supervisors at L.S.U.*, 735 So.2d 696 (La. App. 3d Cir. 1999)($30,000 for exposure to asbestos).  In *Christophe v. State Through LDHH*, 663 SO.2d 289 (La. App. 3d Cir. 1995), a plaintiff who actually contracted Hepatitis A because of the defendant's negligence recovered only $22,500 in general damages.  *See also Hackman v. Southern Farm Bureau Ins. Co.*, 629 So2d 531 (La. App. 5th Cir. 1993)(award of $15,000 in general damages where plaintiff actually contracted hepatitis from a blood transfusion).  The award for general damages was increased to $25,000 on appeal in *Prestenbach v. La. Power & Light Co., Inc.* (La. App. 4th Cir. 1994), where the plaintiff who had fear of cancer, psychological and respiratory problems that were aggravated by exposure to toxins and actually developed cancer, although she could not prove causation).

    Based on the record and the law, the Court finds that the defendant has not established the existence of the jurisdictional minimum at the time of removal. In addition, the Court is mindful that removal jurisdiction is strictly construed.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal*

*Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 25th day of November, 2013.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE